RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, v. TAX COURT, Respondent; CARMEN DEL TORO RODRÍGUEZ ET AL., Interveners.

No. 245. Argued November 5, 1951.—Decided December 29, 1951.

*Damián Monserrat, Jr.*, and *Gabriel de la Haba* for petitioners.
*Víctor Gutiérrez Franqui*, Attorney General, and *J. C. Santiago Matos*, Assistant Attorney General, for oppositor.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

In *Buscaglia, Treas.*, v. *Tax Court, ante*, p. 576, we affirmed a decision of the Tax Court granting petitioners' complaint and ordering the refund of the amount of $30,027.68 which they had paid as default interest, without being bound to do so, upon paying the inheritance tax levied on them on account of the death of Fernando Del Toro Saldaña. Neither the Tax Court in its judgment nor this Court in affirming the latter, made any pronouncement as to the payment of interest on the amount to be refunded.

Now, the petitioners appeal again to this Court and ask us to amend *nunc pro tunc* our judgment "in the sense that the Treasurer should be ordered to pay interest at the rate of 6 per cent per annum on the amount to be refunded from the date on which the payment was made, until the refund is actually paid and that it should be included and form part of the judgment."

The petitioners invoke § 7 of Act No. 303 of April 12, 1946, stating that as a question of law this Court should have included in its decision a pronouncement ordering that the refund claimed should be returned with interest at the rate of 6 per cent per annum. We do not agree with petitioners. The payment of interest on the $30,027.68 does not lie. On February 28, 1946 they paid said amount voluntarily to the Treasurer. The Inheritance Act in force at the time was No. 99 of 1925, as amended in its § 7 by Act No. 20 of November 21, 1941.[1] Section 7 of Act No. 99 so amended, provided: "Whenever any person affected by the above-mentioned appraisal or assessment does not agree with any of them, or whenever for any reason he believes that he

---

[1] Section 7 of Act No. 303 of April 12, 1946 invoked by the petitioners is identical, as to the point related to the payment of interest on taxes to be returned when they have been unlawfully collected under *a decision* of the Tax Court, with § 7 of Act No. 99 as it existed prior to the approval of said Act 303.

should not pay, in whole or in part, such inheritance tax based on said appraisal and assessment as he may be notified of by the Treasurer, and he may wish to appeal to the Court of Tax Appeals, he shall pay, within the ninety (90) days following the date on which the Treasurer notified him of such tax, the part thereof with which he agrees, and within the thirty (30) days following said payment he shall file his appeal against the part with which he does not agree by means of the complaint provided for in the Act creating said Court of Tax Appeals; *Provided,* That said court shall not acquire jurisdiction unless (1) the payment of the tax not protested shall have been made within the aforesaid term of ninety (90) days, and (2) the receipt for said payment, or a certified copy thereof, is made a part of the complaint. *If the decision of the Court of Tax Appeals,* or in case of an appeal therefrom, the decision of the Supreme Court, *is against the complainant, said decision shall direct the payment of the protested tax,* or such part thereof as in the opinion of the Court of Appeals or the Supreme Court should be paid, together *with interest at the rate of six (6) per cent per annum from the date of the expiration of the term of ninety (90) days which the taxpayer had to pay the tax.* If, in case of appeal, the decision of the Supreme Court is in favor of the complainant, *said decision shall direct the return to the latter of the part of the tax unlawfully collected from him under the decision of the Court of Tax Appeals,* together with interest at the rate of six (6) per cent per annum on the amount to be returned, from the date of payment of the part of the tax that was protested." (Italics ours.) Said provision of law established the proceeding by virtue of which the taxpayer could apply to the Tax Court on appeal from the assessment made by the Treasurer, paying that part of the tax with which he agreed, and appealing from the part with which he did not agree. If the Tax Court decided against the plaintiff the Treasurer was bound

to collect the tax protested,[2] whereupon the taxpayer could appeal to this Court by way of certiorari. It was on the tax unlawfully collected under the decision of the Tax Court that the Treasurer was bound to pay interest at the rate of 6 per cent per annum if the decision of the Supreme Court was *favorable* to the taxpayer.

If the petitioners, upon applying originally to the Tax Court to litigate the amount of $9,511.88, after paying voluntarily—although unduly—the amount of $30,027.68 would have obtained an adverse decision from the Tax Court,—instead of favorable, as they did—they would have had to pay said sum upon being collected by the Treasurer notwithstanding their appeal to this Court. In said case, had this Court reversed the decision of the Tax Court, our judgment would have had to provide for the payment of interest at the rate of 6 per cent per annum on the amount of $9,511.88 from the date of its payment until its reimbursement. But such was not the case. They were the prevailing parties for the amount of $9,511.88 originally protested. And they paid voluntarily and directly to the Treasurer $30,027.68 on which they demand interest, and not under an adverse decision of the Tax Court. Said amount was never in litigation under the provisions of the Inheritance Act, until having the petitioners made use of the lawful remedy of refund to that effect, they appealed to the Tax Court on September 3, 1948.

Since petitioners can not avail themselves of the provisions of § 7 of Act No. 99 of 1925, because the facts in this case make them inapplicable, if we resort either to the Reimbursement Act in force at the time of the payment, or

---

[2] The Treasurer was bound to collect the tax protested once the Tax Court decided against the taxpayer—notwithstanding his appeal to this Court—by virtue of § 5 of Act No. 169 of May 15, 1943 creating the Tax Court and in force at the time the petitioners paid the tax, which law provided that the decisions of the Tax Court would be final, without the appeal to the Supreme Court interrupting the execution of judgment, being this made effective forthwith.

to the Act in force at the time the action was brought,[3] the petitioners have no right to the collection of interest. Those acts do not provide for payment of interest on amounts to be refunded.

Since the payment of interest on the amount to be refunded to the petitioners herein, is not authorized by law, said payment does not lie and, therefore, their motion for an amendment *nunc pro tunc* in our judgment of May 31, 1951, is denied.

---

[3] Act No. 232 of May 10, 1949 which provides for the payment of interest on the amounts to be refunded is not applicable to the present case since in its § 3 it expressly provides that "All administrative or judicial proceedings for the reimbursement of taxes paid or collected unlawfully or unduly, or in excess of the amount due, which has been brought prior to the taking effect of this Act, shall be governed by, and shall continue to be prosecuted under, the provisions of the law in force on the date it was begun."